UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| McKEE FOODS CORPORATION, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:06-cv-80 |
| PITNEY BOWES, INC. and PITNEY BOWES CREDIT CORPORATION, | ) Judge Mattice |
| *Defendants*. | ) |

## **MEMORANDUM AND ORDER**

This is a dispute over the performance, or lack thereof, of an automated mailing system which was manufactured by one of the Defendants and leased by the Plaintiff from the other Defendant. Before the Court is Defendants' Pitney Bowes, Inc. and Pitney Bowes Credit Corporation (PBCC) Motion to Dismiss (Court Doc. No. 11). Defendants have attached a copy of the written agreement at issue to their motion. (*See* Court Doc. No. 11-2, Lease Authorization & Document Describing Equipment.) In response, Plaintiff has filed affidavits in opposition to Defendants' motion. (*See* Aff. of Dee Ann Price, Court Doc. No. 17; Aff. of Odessa Owen, Court Doc. No. 18.) Plaintiff argues that, in light of this extrinsic evidence, the Court must treat Defendant's motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

When one or both parties present matters outside the pleadings in conjunction with a Rule 12(b)(6) motion, the Court may, at its discretion, either consider these matters and convert the motion to one for summary judgment or exclude the extra-pleading materials and apply the standard set forth in Rule 12(b)(6). *See* Fed. R. Civ.

P. 12(b); *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993); *Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.").

In this case, the Court will exclude the extra-pleading matters and treat the instant motion as one under Rule 12(b)(6) for two reasons. First, given the current status of the litigation, converting Defendant's Rule 12(b)(6) motion into a motion for summary judgment would be premature. Little or no discovery has taken place so as to allow the parties to argue, and the Court to determine, whether a genuine issue of material fact exists. *See Equal Justice Found. v. Deutsche Bank Trust Co. Ams.*, 412 F. Supp. 2d 790, 799-800 (S.D. Ohio 2005); *Black v. Franklin County*, No. Civ.A. 3:05-18-JMH, 2005 WL 1993445, at *3 (E.D. Ky. Aug. 16, 2005). Second, it is Plaintiff who attempts to use materials outside of the pleadings to convert Defendants' motion to one for summary judgment. If Defendants had wished to file a motion for summary judgment under Rule 56 they would have done so. Instead, Defendants opted to proceed under Rule 12(b)(6), and have objected to Plaintiff's extra-pleading evidence. The Court will give effect to Defendants' decision to move under Rule 12(b)(6). Accordingly, the Court **EXCLUDES** the affidavits Plaintiff offers in opposition of Defendants' Motion to Dismiss (Court Doc. No. 17-18.).[1]

---

[1] Even were the Court to convert Defendants' Rule 12(b)(6) motion to a motion for summary judgment, the result would be the same. As explained below, Plaintiff is barred by substantive Tennessee law from introducing any evidence of PBCC's alleged representations of warranty, whether they were made before, during, or after the formation of the lease agreement. *See infra* II.A. As also discussed below, *see infra* II.B.-C., according to Rule 9(b), Plaintiff's allegations of fraud are insufficient as currently plead regardless of whether they are challenged under Rule 12(b)(6) or Rule 56. *See Jude*

The Court will not, however, exclude the copy of the document attached to Defendants' Motion to Dismiss. In its complaint, Plaintiff repeatedly refers to the "lease" between it and PBCC, but does not attach, or explicitly refer to, the Lease Authorization & Document Describing Equipment which the Defendants attach as Exhibit A to their Motion to Dismiss. The Court is persuaded, however, that this document was intended by the parties to govern the terms of their "lease." Under these circumstances, the Court will treat the Lease Authorization & Document Describing Equipment (this document will hereinafter sometimes be referred to as the "Lease Agreement") as having been incorporated into Plaintiff's complaint by reference, and will consider it as part of the pleadings pursuant to Rule 10(c). Accordingly, this document is appropriate for consideration for purpose of Defendants' instant Rule 12(b)(6) motion. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## I. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) STANDARD

Rule 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a

---

*v. Inez Deposit Bank*, 968 F.2d 1215, 1992 WL 158877, at *4 (6th Cir 1992) (upholding a grant of summary judgment based on a failure to plead in accordance with Rule 9(b)).

recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II. ANALYSIS

Plaintiff concedes that some of its causes of action will not survive Defendants' Motion to Dismiss. Plaintiff offers to strike its claims of negligence and negligent misrepresentation against both Defendants and its claim for breach of (implied) warranty against Defendant PBCC. The Court will treat Plaintiff's offer as a motion pursuant to Rule 41(a)(2), and will **GRANT** the same. The remaining portions of Plaintiff's Complaint challenged by Defendants' Motion to Dismiss are as follows: Plaintiff's breach of contract claim against PBCC, Plaintiff's Tennessee Consumer Protection Act claims against both Defendants, and Plaintiff's fraudulent misrepresentation against both Defendants. The Court will address each in turn.

### A. Breach of Contract

Plaintiff's breach of contract claim against PBCC turns on whether PBCC expressly warranted the performance of the equipment which is the subject of the Lease Agreement.

In cases such as this, which arise under the Court's diversity jurisdiction under 28 U.S.C. § 1332, the Court must apply the choice of law rules of the state in which the Court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 501 (6th Cir. 2003). In Tennessee, in the absence of a choice of law provision in a contract, the law of the place where a contract is made governs the construction and validity of the contract. *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 466 (Tenn. 1973). In a situation where the contract was negotiated by correspondence sent through the mail, as appears to be case with respect to the Lease Agreement, "the contract is consummated the moment the letter of acceptance is deposited in the mail . . . ." *College Mill Co. v. Fidler*, 58 S.W. 382, 384 (Tenn. Ct. Ch. App. 1899); *see also* 16 Am. Jur. 2d Conflict of Laws § 99 ("[T]he offer is accepted when the acceptance is properly placed in the mail . . . . Hence, . . . the place of contracting is where the letter of acceptance is mailed . . . ."). Because the Lease Agreement appears to have been executed by Plaintiff's representative in Tennessee, Tennessee contract law applies.

Under Tennessee law, "[t]he central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern." *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002). The Court's role in resolving disputes regarding contract interpretation is to glean the intention of the parties based upon the usual, natural, and ordinary meaning of the language used in the written agreement. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Where the language of the contract is clear and unambiguous, its literal meaning controls the outcome of contract disputes. *Planters Gin Co.*, 78 S.W.3d

at 890. In such a situation, contractual interpretation is a matter of law, *Petty v. Sloan*, 197 Tenn. 630, 277 S.W.2d 355 (1955), and may be addressed on a motion under Rule 12. When a contract's terms are ambiguous, however, interpretation is a question of fact, *Hendrix v. City of Maryville*, 431 S.W.2d 292 (Tenn. Ct. App. 1968), and is not appropriately decided in the context of Rule 12. A contract's terms are ambiguous only when they are susceptible to more than one reasonable interpretation. *Planters Gin Co.*, 78 S.W.3d at 890.

Thus, the Court must first determine whether the Lease Agreement contains ambiguous terms. Plaintiff argues that certain representations PBCC made amount to an express warranty, that this express warranty contradicts the Lease Agreement's various provisions disclaiming a warranty of performance of the leased equipment, and that, therefore, the Lease Agreement is at least ambiguous as to whether PBCC warrants the performance of the leased equipment. In light of this ambiguity, Plaintiff reasons, dismissal of its breach of contract cause of action against PBCC would be improper.

Plaintiff correctly argues that certain representations made by a lessor pertaining to the quality of the leased goods may create an express warranty. According to the Tennessee General Assembly:

(1) Express warranties by the lessor are created as follows:

(a) Any affirmation of fact or promise made by the lessor to the lessee which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods will conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods will conform to the description.

Tenn. Code Ann. § 47-2A-210.  The analysis does not end there, however.  In order to demonstrate that PBCC's alleged representations create an ambiguity within the Lease Agreement, Plaintiff must be able to show that these representations—which the Court will assume suffice for the purposes of section 47-2A-210—can be subsumed into the Lease Agreement.  In other words, Plaintiff must be able to show that PBCC's alleged representations create additional terms not found within the written embodiment of the Lease Agreement.  Plaintiff's argument implicates Tennessee's parol evidence rule.

As applied to contracts for the lease of goods, the parol evidence rule states that when presented with a writing that contains no ambiguous terms and is a complete and final expression of the agreement between the parties, the Court may not look beyond the writing to any extrinsic evidence to either contradict or supplement the meaning of its terms. Tenn. Code Ann. § 47-2A-202; *see also Stamp v. Honest Abe Log Homes, Inc.*, 804 S.W.2d 455, 457 (Tenn. Ct. App. 1990).  Thus, in order to avoid application of the parol evidence rule so that the Court may consider PBCC's alleged representations, Plaintiff must show that either the Lease Agreement contains ambiguous terms or that it does not embody the entire agreement between the parties.

Plaintiff contends that the Lease Agreement's warranty disclaimers are at least rendered ambiguous by PBCC's alleged representations.  Plaintiff's argument fails because it does not establish an ambiguity on the face of the Lease Agreement. Importantly, Plaintiff does not argue that the Lease Agreement contains ambiguous terms other than the warranty disclaimers.  Plaintiff's argument—that: (1) the warranty disclaimers are ambiguous, so (2) the parol evidence rule does not apply; therefore (3) PBCC's alleged statements can become part of the Lease Agreement so as to render it

ambiguous—employs circular reasoning. Plaintiff does not argue that the Lease Agreement contains an *internal* ambiguity that would render the parol evidence rule inapplicable.

Further, the Lease Agreement recites that "[t]his Lease constitutes the entire agreement between the Parties as to the subjects addressed in this Lease, and representations or statements not included herein are not part of this Lease and are not binding on the parties." (Lease Agreement ¶ 27.) Absent special circumstances, Tennessee courts regularly uphold integration clauses such as this. *See Tipton v. Quinn*, No. M1998-00951-COA-R3-CV, 2001 WL 329530, at *5 (Tenn. Ct. App. Mar. 28, 2001); *Brookside Mills, Inc. v. Specialty Retail Concepts, Inc.*, 1987 WL 26206, at *4 (Tenn. Ct. App. Dec. 8, 1987) ("This clause is not meaningless. By signing this contract both parties agreed that the written lease would set forth their final agreement."). Plaintiff has offered no reason why the Court should not enforce the Lease Agreement's integration clause as written.

The Court concludes that the Lease Agreement is internally unambiguous and fully integrated, in that it is a complete and final expression of the agreement between the parties. Accordingly, Tennessee's parol evidence rule applies to the Lease Agreement, and prohibits Plaintiff from offering representations by PBCC made prior to or during the formation of the Lease Agreement that may otherwise create warranties under section 47-2A-210 in contradiction of the Lease Agreement's warranty disclaimers. *See* Tenn. Code Ann. § 47-2A-202; *Perryman v. Peterbilt of Knoxville, Inc.*, 708 S.W.2d 403, 405 (Tenn. Ct. App. 1985) (holding that the parol evidence rule excluded statements that would have created an express warranty under Tenn. Code

Ann. § 47-2-313, the sale-of-goods version of section 47-2A-210); *see also Airline Constr. Inc. v. Barr*, 807 S.W.2d 247, 259 (Tenn. Ct. App. 1990) (holding that even " 'collateral agreements' to the written contract must be limited to subject matter which does not contradict or vary terms which are plainly expressed in the writing").

Further, Plaintiff cannot introduce evidence of PBCC's representations made after the parties entered into the Lease Agreement to support its argument for an express warranty under section 47-2A-210. Section 47-2A-210 converts representations to express warranties only when they become a "basis for the bargain." Tenn. Code Ann. § 47-2A-210(1). To comprise a basis for the bargain, a plaintiff must show that it relied on the defendant's representation. *Fletcher v. Coffee County Farmers Co-op.*, 618 S.W.2d 490, 493 (Tenn. Ct. App. 1981). Under the facts of this case as set forth in Plaintiff's Complaint, there are no circumstances by which Plaintiff can show that it relied on PBCC's post-contractual representation as an inducement to enter into the Lease Agreement.

Accordingly, as a matter of law, the Court concludes that Plaintiff can prove no set of facts to support his argument that the Lease Agreement warrants the performance of the leased equipment, and will **GRANT** PBCC's motion to dismiss as to Plaintiff's breach of contract claim.

### B.     Fraudulent Misrepresentation

Plaintiff also brings a cause of action against both Defendants for fraudulent misrepresentation. A cause of action for fraud in Tennessee requires four elements:

> (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, and (3) an injury caused by reasonable reliance on the representation. The fourth element requires that the misrepresentation involve a past or existing fact or, in the case of

promissory fraud, that it involve a promise of future action with no present
intent to perform.

*Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992). Rule 9(b) requires that averments of fraud be stated with particularity. At a minimum, a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations omitted). Further, "failure to plead an essential element of a claim of fraud warrants dismissal of the claim under Rule 9(b)." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

Although Plaintiff alleges that both Defendants are liable for fraudulent misrepresentation, it does not specify the time and place of the alleged misrepresentations. Accordingly, Plaintiff's claims of fraudulent misrepresentation fail to meet the pleading standards set out in Rule 9(b), and the Court will **GRANT** Defendant's Motion to Dismiss as to Plaintiff's claims of fraudulent misrepresentation.

### C. Tennessee Consumer Protection Act

To establish a prima facie cause of action under the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. §§ 47-18-101 to 128, Plaintiff must prove that Defendants engaged in an act or practice that is unfair or deceptive as defined under the TCPA, and that Plaintiff suffered a loss of money, property, or a thing of value as a result of the unfair or deceptive act of defendant. Tenn. Code Ann. § 47-18-109. Plaintiff's claims under the TCPA are subject to Rule 9(b)'s specific pleading requirements. *Metro. Property & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 WL 1993446, at \*5 (6th Cir. Aug. 17, 2005) (citing *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 274, 275

(Tenn. Ct. App. 1999)). As Plaintiff's Complaint fails to specify the time and place of the Defendants' alleged TCPA violations, it does not comport with the pleading standards of Rule 9(b). Accordingly, the Court will **GRANT** Defendant's Motion to Dismiss as to Plaintiff's claims under the TCPA.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss (Court Doc. No. 11) as to Plaintiff's claims of breach of contract against Defendant PBCC, which is **DISMISSED WITH PREJUDICE**. The Court also **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's claims of fraudulent misrepresentation and violation of the Tennessee Consumer Protection Act against both Defendants, which are **DISMISSED WITHOUT PREJUDICE**.

On its motion to amend its Complaint, the Court **GRANTS** Plaintiff leave to amend and re-file its claims of fraudulent misrepresentation and violation of the Tennessee Consumer Protection Act in a manner that complies with Rule 9(b). *See United States ex rel. Bledsoe v. Cmty Health Sys., Inc.,* 342 F.3d 634, 644-45 (6th Cir. 2003).

Further, the Court will treat Plaintiff's offer to strike certain of its claims against Defendants as a motion pursuant to Rule 41(a)(2), and will **GRANT** the same. Accordingly, Plaintiff's claims of negligence and negligent misrepresentation against both Defendants, and its claim for breach of (implied) warranty against Defendant PBCC are **DISMISSED WITHOUT PREJUDICE**.

The claims which remain pending before the Court are as follows: Plaintiff's claim of breach of contract and Plaintiff's claim of breach of (implied) warranty against

Defendant Pitney Bowes, Inc. No claims remain pending against Defendant Pitney Bowes Credit Corporation.

SO ORDERED this 22nd day of March, 2007.

                                              *s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE